**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LINK AMERICA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 3:16-CV-542-M |
| | § | |
| INFOVISTA CORPORATION, | § | |
| INFOVISTA S.A., IPANEMA | § | |
| TECHNOLOGIES CORPORATION, | § | |
| & IPANEMA TECHNOLOGIES S.A., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

The Court has before it a Motion to Transfer Venue under 28 U.S.C. Section 1404(a),

filed by Defendants InfoVista Corporation and Ipanema Technologies Corporation.  Defendants

InfoVista S.A. and Ipanema Technologies S.A. were never served and have not appeared in the

case.  Defs.' Mot. to Dismiss [Docket Entry #5] at 2.

## I.    BACKGROUND

Plaintiff Link America, LLC, a Dallas company, filed suit for breach of contract and for

various torts arising out of an alleged misappropriation and disclosure of Link America's trade

secrets and confidential information.  Pl.'s Original Petition [Docket Entry #1-4] at ¶¶ 10-17, 25-

27.  The relevant contract contains a forum-selection clause.  Defs.' App. [Docket Entry #10] at

17.  The forum-selection clause provides that "any dispute or claim arising out of or relating to

this Agreement, or the breach, termination or invalidity thereof shall be subject to the exclusive

jurisdiction of the Massachusetts state and federal courts."  *Id*.

Neither party questions the existence or validity of the contract or its terms.

## II.   LEGAL STANDARD

When evaluating a motion to transfer that refers to a forum-selection clause, a court must first determine whether the clause is mandatory or permissive.  *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016); *see also Saye v. First Specialty Ins. Co.*, No. 3:14-CV-202-M, 2014 WL 1386565, at *3 (N.D. Tex. Apr. 9, 2014) (Lynn, J.).

To make this determination, the Fifth Circuit mandates the application of "Texas choice-of-law rules to determine which substantive law governs the interpretation of the [forum-selection clause]" and then applies "that substantive law to the language of the [forum-selection clause] to decide whether it is mandatory or permissive."  *Weber*, 811 F.3d at 769.

The Fifth Circuit has held that a forum-selection clause is mandatory "only if it contains clear language specifying that litigation must occur in the specified forum—and language merely indicating that the courts of a particular place 'shall have jurisdiction' (or similar) is insufficient to make a [forum-selection clause] mandatory."  *Id.* (quoting *Caldas & Sons v. Willingham*, 17 F.3d 123, 127-28 (5th Cir. 1994)).  Furthermore, this Court has held that merely consenting to jurisdiction in one forum does not operate to waive the right to have an action heard in another forum.  *Aerus, LLC v. Pro Team, Inc .*, No. 3:04-CV-1985, 2005 WL 1131093, at *4 (N.D. Tex. May 9, 2005) (Lynn, J.).

If a court concludes that a forum-selection clause is permissive, it must engage in a traditional § 1404(a) analysis and "evaluate both the convenience of the parties and various public-interest considerations."  *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 581 (2013).  As the Supreme Court made clear in *Atlantic Marine*, this "calculus changes, however, when the parties' contract contains a valid" and mandatory forum-selection clause.  134 S. Ct. at 581; *see Weber*, 811 F.3d 775-76.  "First, the plaintiff's choice of forum merits no weight.

Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atlantic Marine*, 134 S. Ct. at 581. And second, the Court "should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id*. at 582. Instead, the private-interest factors must be held to weigh wholly in favor of the preselected forum. *Id.*

Thus, forum-selection clauses should be "given controlling weight in all but the most exceptional cases." *Id.* at 579. Here, that precept requires transfer, unless "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor" enforcement of the contractual choice of forum. *Id.* at 575.

## III.   ARGUMENT & ANALYSIS

Defendants move to transfer the case to the federal district court for the District of Massachusetts, Boston Division, contending this is not one of those exceptional cases in which "extraordinary circumstances" allow the Court to avoid the import of the forum-selection clause. Defs.' Mot. to Dismiss [Docket Entry #5] at 2-3.

Link America responds that the forum-selection clause is permissive, not mandatory, thus requiring the Court to apply the traditional public and private-interest factors. Pl.'s Resp. [Docket Entry #11] at 3-4. Alternatively, Link America contends that even if the *Atlantic Marine* standard applies, the public-interest factors alone dictate that this case should remain in Dallas. *Id.* at 10.

The words "shall have jurisdiction" are not by themselves sufficient for a forum-selection clause to be considered mandatory under Fifth Circuit precedent. *See Caldas & Sons*, 17 F.3d at

127 (5th Cir. 1994).  However, here the parties' contract states that disputes "shall be subject to

the *exclusive* jurisdiction of the Massachusetts state and federal courts."  Defs.' App. [Docket

Entry #10] at 17 (emphasis added).  As this Court has twice stated, "where only jurisdiction is

specified in a forum-selection clause, the clause will generally not be enforced unless there is

some further language indicating the parties' intent to make venue exclusive."  *Saye*, 2014 WL

1386565, at *3 (citations omitted); *Aerus*, 2005 WL 1131093, at *4 (citations omitted).  The

Court concludes that under federal law the use of the word "exclusive" is sufficient additional

language indicating the parties' intent to make venue exclusive.  This conclusion is also true

under Massachusetts and Texas law.  *See Boland v. George S. May Int'l Co.*, 969 N.E. 2d 166,

172 (Mass. App. Ct. 2012); *Karty v. Mid-Am. Energy, Inc.*, 903 N.E. 2d 1131, 1135 (Mass. App.

Ct. 2009) (enforcing "exclusive venue and jurisdiction" language); *In re Automated Collection

Techs.*, 156 S.W.3d 557, 559 (Tex. 2004) (enforcing "consent to the exclusive jurisdiction"

language as mandatory).  The Court thus concludes that the clause is mandatory under federal

common law, Massachusetts law, and Texas law.

Having concluded that the forum-selection clause is mandatory, the Court must now

determine whether "extraordinary circumstances unrelated to the convenience of the parties

clearly disfavor" transfer to Massachusetts.  *Atlantic Marine,* 134 S.Ct. at 575.  As *Atlantic

Marine* requires, the Court evaluates only the public-interest considerations.  *Id.* at 582.

The public-interest factors favor transfer.  The first factor is whether administrative

difficulties such as court congestion slowing down the case will result if litigation is transferred.

*Atlantic Marine*, 134 S. Ct. at 581 n.6 (citations omitted).  Link America contends that

"Defendants have presented no evidence suggesting that the District Court for the District of

Massachusetts, Boston Division, can bring this matter to trial faster than this Court."  Pl.'s Resp.

[Docket Entry #11] at 8-9.  However, it is not Defendants' burden to present such evidence—"the party defying the forum-selection clause . . . bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."  *Atlantic Marine*, 134 S. Ct. at 581. Furthermore, as of 2014 the proposed transferee court averaged a slightly shorter median time interval than does this Court from filing of civil cases to their disposition.  *See* Table C-5, Judicial Business 2014 Tables/United States Courts, www.uscourts.gov/statistics-reports/judicial-business-2014-tables.  The first factor thus works in favor of Defendants.  The second public-interest factor requires the Court to evaluate whether the dispute is local, because there is usually "a local interest in having localized controversies decided at home."  *Atlantic Marine*, 134 S. Ct. at 581 n.6 (citations omitted).  Link America argues that this factor weighs heavily in favor of this Court retaining the case, because the alleged injury occurred in the Northern District of Texas.  Pl.'s Resp. [Docket Entry #11] at 9.  The Court agrees that this factor generally operates in Link America's favor.  Defendants lease office space and employ one person in Massachusetts, but the alleged facts support Link America's assertion that the injury occurred in Dallas.  Defs.' Mot. to Dismiss [Docket Entry #5] at 8.  However, if this factor were determinative, it would "nullify the Supreme Court's clear directive to reserve, for truly exceptional cases, the step of disregarding the parties' agreement that a case should be litigated elsewhere."  *Weber*, 811 F.3d at 776.  The third and final factor recognizes that it is beneficial for the forum trying the case to be "at home" with the governing state law.  *Atlantic Marine*, 134 S. Ct. at 581 n.6 (citations omitted).  Link America argues that this Court will have more familiarity with the law because it brings a claim under the Texas Declaratory Judgment Act.  Pl.'s Resp. [Docket Entry #11] at 9.  It is unclear that the Texas Declaratory Judgment Act claim can be brought or maintained in federal court because "Texas procedural law does not govern decisions

in federal court where jurisdiction is premised on diversity." *Hockessin Holdings, Inc v. Ocwen Loan Servicing, L.L.C.*, No. 5:15-CV-1103-DAE, 2016 WL 247727, at *5 (W.D. Tex. Jan. 19, 2016) (citing *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)).  Even if a Texas Declaratory Judgment action can survive, there is nothing specialized about such a claim that better enables this Court to decide it.  The third factor therefore falls in favor of transfer.

The Court concludes that the public-interest factors favor transfer and that this is not one of those exceptional cases for which transfer, pursuant to the parties' agreement, is inappropriate.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Transfer under 28 U.S.C. § 1404(a), and orders this case transferred to the District of Massachusetts, Boston Division.

**SO ORDERED.**

June 21, 2016.

BARBARA M. G. LYNN
CHIEF JUDGE